(156 App. Div. 549.)

PEOPLE ex rel. KELLY v. HENNESSY et al.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. MUNICIPAL CORPORATIONS (§ 402*)—EMINENT DOMAIN—PROCEEDINGS—REVIEW—PRESENTATION BELOW.

The owner's failure to specifically include certain of his property in his notice of claim for damage from a change of grade cannot be raised on review of the award, when all of the proof of the owner's damage to his entire holding has been received without question, and the city offered proof on the same issue.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

2. MUNICIPAL CORPORATIONS (§ 402*)—EMINENT DOMAIN—PROCEEDINGS—REVIEW.

The action of the board of assessors of the city of New York in determining the amount of damages to be awarded upon a claim for damages from a change of street grade is subject to review by the court.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Certiorari proceedings by the People, on the relation of William Kelly, against Joseph F. Hennessy, Chairman, and others, composing the Board of Assessors of the City of New York, and another, to review a determination of defendant board making an award of damages in change of grade proceedings. Writ sustained, and award set aside.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Jacob Brenner, of Brooklyn, for relator.

Charles J. Nehrbas, of New York City, for respondents.

DOWLING, J. [1] William Kelly was the owner of premises situate in the borough of Brooklyn, city of New York, fronting on Hamilton avenue, and extending northerly to the center line of Twelfth street, having a frontage on said avenue of 139 feet 8¾ inches, on the Gowanus Canal of 302 feet 1 inch, on Twelfth street of 190 feet, and irregular on the easterly side. Had Thirteenth street been opened, it would have passed through his property. He filed a claim with the board of assessors of the city of New York for the damages sustained by him by reason of the change of grade of Hamilton avenue approaching the bridge over the Gowanus Canal, pursuant to the provisions of chapter 224, Laws of 1905, and in said notice of claim, through mistake or oversight, omitted to include the larger portion of the premises in question, which he acquired by virtue of a deed from Audley Clarke and wife and William Calder and wife to himself, dated June 25, 1903. He evidently thought that his claim covered all his property, and so did all the parties concerned, for when he offered said deed in evidence no objection was made to its receipt and it was duly received. Expert testimony was offered by both the claimant and the city as to the damage done to all the property owned by the plaintiff, including that conveyed under said deed. Had any question been raised as to the failure of the owner to specifically include the property referred to in his notice of claim, it could have been cured by an amendment of his claim, or by the filing of a new one. It is too late to raise the question now, when all the proof of the owner's damage to his entire holding had been received without question, and sought to be met by proof upon the same issue on behalf of the city.

The defendants allowed to relator the sum of $10,500 as his damages, and in their certificate of award they declare that, in reaching their determination and making their award, they "have not allowed damage to the property known as lot No. 1, in block No. 1025, for which damage is claimed by said William Kelly, for the reason that the said property has a frontage on Thirteenth street, whose grade has not been changed under the said act; and we have assumed that the said Thirteenth street, from First avenue to the Gowanus Canal, in said borough of Brooklyn, city of New York, is an open street and subject to public use, which fact is denied by the claimant herein." It appears from the record, was admitted by the corporation counsel upon the argument, and is not controverted in any manner upon his

brief, that in this conclusion the defendants were in error; that Thirteenth street as laid out upon the map has never legally existed, and does not now exist, across or upon the land of the claimant; that it was not worked within six years from the time of its being laid out; and that the existence of a supposed frontage upon that street was no answer to the relator's claim for damage as to the part of the property in question.

[2] There also appear in the record various exhibits, marked "Copies of Correspondence," the presence of which remains totally unexplained, and which apparently were considered by the board of assessors in arriving at their conclusion, although some of them are unsigned, and none of them is shown to have been properly offered or received in evidence. The defendants having assumed jurisdiction over relator's claim and undertaken to determine the amount of his damages, their action is subject to review by the court. People ex rel. Hallock v. Hennessy et al., 205 N. Y. 301, 98 N. E. 516.

The writ of certiorari will therefore be sustained, with $50 costs and disbursements, the award heretofore made to the claimant set aside, and the matter remitted to the board of assessors for a rehearing and new award in conformity herewith. All concur.